BRAZORIA V BASIN CREDIT



NO. 07-02-0029-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 26, 2002


______________________________



JAMES L. DUNN, III, D.D.S, and DIANE GAY DUNN




 Appellants

v.



BANK-TEC SOUTH a/k/a SDL OF TEXAS, INC.,


SKILCRAFT SECURITY EQUIPMENT CORPORATION,


CITY NATIONAL BANK OF KILGORE and GREGORY RICE



 Appellees

_________________________________



FROM THE 172nd DISTRICT COURT OF JEFFERSON COUNTY;



NO. E-160,678; HON. DONALD J. FLOYD, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ

 James L. Dunn, III, D.D.S., and Diane Gay Dunn appeal from a judgment signed on
September 20, 2001. A timely motion for new trial was filed on October 19, 2001,followed
by a notice of appeal on December 17, 2001. Given these circumstances, the appellate
record was due on January 18, 2002. See Tex. R. App. Proc. 26.1(a) & 35.1(a). Though
the clerk's record has been received, that of the court reporter has not. Instead, we
granted the court reporter an extension and extended her deadline to February 18, 2002. 
Before us is another request for an extension by the court reporter. The latter asks for an
additional 30 days to complete and file her record. We grant same. 

 Accordingly, we order Jerrie Brown, the official court reporter for the 172nd Judicial
District of Jefferson County, to transcribe and file with the clerk of this court a reporter's
record encompassing the trial had in cause number E-160,678, styled James L. Dunn, III,
D.D.S., and Diane Gay Dunn v. Bank-Tec South a/k/a SDL of Texas, Inc., Gregory Rice,
City National Bank of Kilgore, and Skilcraft Security Equipment Corporation and complying
with the Texas Rules of Appellate Procedure. Said transcription shall include all argument,
evidence, and exhibits presented to the trial court during trial as well as any pre-trial and
post-trial hearings conducted in the cause. We further order Jerrie Brown to file the
complete reporter's record in a manner which will assure its actual receipt by the clerk of
this court on or before 5:00 p.m. on March 20, 2002. No further motions for extension from
the court reporter will be entertained.

 Lastly, the failure of the court reporter to abide by the deadline established herein
may result in 1) contempt proceedings, 2) a complaint to the official body governing the
acts of certified court reporters, 3) appropriate sanction, or 4) abatement and remand to
the trial court for appropriate action.

 It is so ordered.


 Per Curiam


Do not publish.